IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| W. DEXTER HARRISON, | : | |
| MARTIN L. HARRELL, and | : | |
| CHARLES L. HARRELL, | : | |
| | : | |
| Defendants. | : | |

_____

# **ORDER**

Before the Court is a Renewed Motion for Release Pending Appeal (doc. # 348) filed by W. Dexter Harrison ("Harrison"). For the reasons set forth below, Harrison's Motion is denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On March 8, 2006, a jury convicted Harrison on four counts: conspiracy to commit arson and mail fraud, arson, mail fraud and making misleading statements with intent to hinder law enforcement officials. (Doc. # 223.) Subsequently, on March 24, 2006, the Court issued an Order (doc. # 239) in which it denied Harrison's Motion for Bond Pending Sentencing (doc. # 232) on the basis that the power to consider petitioner's motion under 18 U.S.C. § 3145(c) was vested solely in the appellate courts. Harrison appealed the Court's ruling to the United States Court of Appeals for the Eleventh Circuit, which denied his Motion for Bond Pending Sentencing, concluding, "[b]ecause Appellant has presented no colorable argument that 'exceptional reasons' might warrant his release pursuant to 18 U.S.C. § 3145(c), we need not

reach the jurisdictional issue addressed in the district court's order." (Doc. # 285 at 2.)

Thereafter, on July 20, 2006, the Court sentenced Harrison to 180 months imprisonment, a $50,000 fine, and an as yet undetermined amount of restitution. At the conclusion of this sentencing hearing, the Court heard testimony from Emo Lic Jones ("Jones"), an employee of Harrison, regarding alleged exceptional reasons Harrison should be released. Harrison then moved the Court once again to release him pending appeal, and the Court requested the parties brief the matter. Harrison has now filed a Renewed Motion for Release Pending Appeal (doc. # 348), in which he asks the Court to reconsider its previous ruling regarding its authority to grant a bond or, in the alternative, to make a finding of fact as to whether exceptional reasons do exist in this case so as to aid the Eleventh Circuit in any subsequent determination it may make. In addition to the July 20, 2006 testimony of Jones, Harrison has offered two affidavits, one from himself and one from Zane Myrick ("Myrick"), another employee. The Government filed a Response (doc. # 350) arguing that Harrison has not shown any exceptional reasons to warrant his release, and asking the Court to determine the merits of Harrison's claims, despite its earlier holding regarding its lack of jurisdiction. The matter is now ripe for adjudication.

**II.   ANALYSIS**

    **A.   What Motion Has Harrison Filed?**

As stated in 18 U.S.C. § 3145(c),

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c) (2000).

The Court must first determine whether a person is subject to detention pursuant to § 3143(a)(2) or § 3143(b)(2),[1] since that finding necessarily dictates whether he is bound by the conditions of release set forth in § 3143(a)(1) or § 3143(b)(1).[2] This initial determination is usually relatively easy to make, as § 3143(a)(2) applies when a person has been found guilty of an offense and is awaiting imposition or execution of a sentence, while § 3143(b)(2) applies when the person has been sentenced to a term of imprisonment and has filed an appeal or a petition for writ of certiorari.

Here, the Motion pending before the Court is entitled a "Renewed Motion for Release Pending Appeal." (Doc. # 348.) However, Harrison's previous motion (doc. # 232) was a Motion for Bond Pending *Sentencing*. Therefore, the Court is unsure whether Harrison is asking the Court to reconsider its previous denial of his Motion for Bond Pending Sentencing through this "renewed" motion, or whether he is asking the Court to consider granting him bond pending his appeal.[3] Regardless of Harrison's intent, the Court finds it cannot reconsider its

---

[1] As discussed in the Court's March 24, 2006 Order, Harrison was found guilty of an offense itemized in § 3142(f)(1)(A), therefore either § 3143(a)(2) or § 3143(b)(2) controls. (Doc. # 239 at 2-3.)

[2] The conditions of release set forth in § 3143(a)(1) are that the judicial officer must find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. By contrast, under the conditions of release set forth in § 3143(b)(1), the judicial officer not only must find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community, but also that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay.

[3] A third option would be that Harrison is seeking to "renew" the Motion for Release Pending Appeal he made orally at the conclusion of the July 30, 2006 sentencing hearing. If this is the case, it

previous order, given that the Eleventh Circuit has already explicitly denied Harrison's Motion for Bond Pending Sentencing. (Doc. # 285 at 2.) Therefore, the Court will construe Harrison's Motion as if it was simply a Motion for Bond Pending Appeal,.[4] Harrison is bound by the conditions of release set forth in § 3143(b)(1) and his Motion will be evaluated accordingly.

### B.     Motion for Bond Pending Appeal

A court deciding whether to release a person who has been found guilty of an offense, been sentenced to a term of imprisonment, and filed an appeal pursuant to 18 U.S.C. § 3145(c), must engage in a three part examination. First, the court must determine whether it has jurisdiction to act under 18 U.S.C. § 3145(c). Second, the court must evaluate the threshold requirements set forth in § 3143(b)(1): that the person poses no risk of flight and no danger to the community during release and that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay. Third, and only when the court has found the threshold requirements set forth in § 3143(b)(1) have been met, the court must consider whether the person clearly has shown that there are exceptional reasons why his detention would not be appropriate.

### 1.     Jurisdiction

---

still does not explain why Harrison has failed to address the other factors explicit within § 3145(c) in his present, written Motion, per the discussion infra.

[4] In some ways, this discussion is nothing more than an exercise in semantics. The Court dismissed Harrison's Motion for Bond Pending Sentencing (doc. # 232) due to its lack of jurisdiction. The Court would dismiss his Motion for Bond Pending Appeal (doc. # 348) for the same reason. However, as reflected infra in this Order, even if the Court were to reach the merits of either Motion, it would deny them because Harrison has failed to present the Court with any exceptional reasons why his detention would be inappropriate.

Having considered Harrison's Renewed Motion for Release Pending Appeal, the Court refuses to change its determination that 18 U.S.C. § 3145(c) is only available to the appellate courts. The Court is well aware of the United States Courts of Appeals that have held otherwise and rejects their conclusion for the reasons fully set forth in its previous Order (doc. # 239). Harrison's rehashing their flawed arguments is similarly unpersuasive. The Court previously conducted an extensive review of this area of the law and sees no reason to change its finding.[5] Nonetheless, at the parties' request, the Court will continue its examination of Harrison's situation as if it had such jurisdiction.

### 2.     The Conditions of Release Set Forth in § 3143(b)(1)

Section 3143(b)(1) lists two threshold requirements for release under § 3145(c): (1) that the person poses no risk of flight and no danger to the community during release and (2) that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay. Harrison's Renewed Motion for Release Pending Appeal (doc. # 348) fails to acknowledge these requirements at all, instead focusing entirely on whether Harrison has shown any exceptional reasons to justify his release. Harrison's previous Motion for Bond Pending Sentencing (doc. # 232), at least attempted to demonstrate that Harrison was not likely to flee or pose a danger to the community (id. at 2), however, it naturally failed to address the merits of the issues raised in his appeal since he had not filed one yet at that time. By contrast, the Government specifically argues

---

[5] Needless to say, the Court's conclusion is unaffected by whether a petitioner brings his case under § 3145(c) through a Motion for Bond Pending Sentencing or a Motion for Bond Pending Appeal.

Harrison is a flight risk and poses a danger to the community in its Response to his most recent Motion. (Doc. # 350 at 4-5.) The Government has not addressed whether Harrison's appeal raises a substantial question of law or fact.

The Government has advanced a credible argument that Harrison has the means and incentive to flee and stands convicted of a serious crime of violence. However, Harrison fully complied with all conditions of his post-arrest pre-trial release, has extremely deep personal and business ties to the community, and has exhibited no direct violent behavior of which the Court is aware. Despite a paucity of recent argument from Harrison on the issue, the Court nonetheless finds he has established by clear and convincing evidence that he poses no risk of flight and that he is not a danger to the community.

By contrast, the Court is unaware of any substantial question of law or fact raised by Harrison's appeal that is likely to result in reversal, a new trial, or a reduced sentence.[6] Again, Harrison provided no argument on this point.[7] Accordingly, the Court concludes Harrison does not meet this threshold requirement for release in § 3143(b)(1). As a result, even if the Court had jurisdiction to grant Harrison's Motion for Bond Pending Appeal pursuant to § 3145(c), it would not do so due to his failure to meet the necessary threshold requirements for release expressed in § 3143(b)(1).

---

[6] The Court does not find any indication, however, that the appeal is for the purpose of delay.

[7] As the Court noted previously, this omission may be explained by Harrison's possible misapprehension that he was filing a Motion for the Court to reconsider its earlier denial of his Motion for Bond Pending Sentencing. However, that Motion was disposed of by the Eleventh Circuit, and Harrison's only remaining potential avenue for relief is a Motion for Bond Pending Appeal. As such, he is bound by the conditions of relief set forth in § 3143(b)(1), including § 3143(b)(1)(B).

### 3.     A Showing of Exceptional Reasons

Both Harrison and the Government request that the Court make a finding regarding whether Harrison has made the necessary showing of exceptional reasons to justify his release under § 3143(c).  Despite the Court's clear stance that it lacks jurisdiction to release Harrison under § 3143(c), and its additional determination that Harrison has failed to meet the necessary threshold requirements for release contained in § 3143(b)(1), the Court shall oblige the parties.

Numerous courts nationwide have considered what might constitute "exceptional reasons" under § 3145(c), and while the resulting decisions reflect a range of conclusions, more often than not, financial hardship, illness and disruption of familial relations were not found to be exceptional reasons to justify release.  See, e.g., United States v. Mostrom, 11 F.3d 93, 94 (8th Cir. 1993) (Bureau of Prisons' inadequate system for transporting prisoners not exceptional reasons); United States v. Dempsey, Crim. No. 91-098, 1991 WL 255382 (E.D. La. Nov. 19, 1991) (defendant's poor health, history of mental and emotional problems, ignorance that he would be detained, and not having made arrangements to secure his business not exceptional reasons); United States v. Bloomer, 791 F. Supp. 100, 102 (D. Vt. 1992) (defendant's relationship to family, aid to unrelated family, medical condition, and employment not exceptional reasons); United States v. Scott, No. 1:95-CR-80-1, 1995 WL 723752, at *1-2 (E.D. Tex. Nov. 22, 1995) (defendant's need to assist his sick mother and to continue working so as to contribute to her household expenses not exceptional reasons); United States v. Ameneiro, No. 94 CR 333-12, 1996 WL 66100, at *2 (N.D. Ill. Feb. 8, 1996) (defendant's employment up

until the point of incarceration, failure to flee while on bond during indictment and trial, ties to the community, and length of the sentence not exceptional reasons).

Simply put, these cases reflect the fact that "[a] defendant's incarceration regularly creates difficulties for him and his family." United States v. Mahabir, 858 F.Supp. 504, 508 (D. Md. 1994). The Court believes Harrison and his employees when they swear that he, his family and his business associates all will be adversely affected by his continued incarceration. Nonetheless, Harrison has failed to show that these reasons are exceptional. Every criminal faces hardship as a result of his imprisonment—the fact that Harrison is more affluent than most convicts and owns a business which will suffer from the loss of his leadership does not mandate his temporary release. Even if the Court had jurisdiction to grant Harrison's Motion for Bond Pending Appeal pursuant to § 3145(c), it would refuse to do so.

### C. Tift County Jail Option

While the Government has opposed Harrison's receiving a bond pending his appeal, it also adds that it "would not oppose the Court's delaying Harrison's report date to the Bureau of Prisons for a period of 90 days so that he may remain in the Tift County Jail where he has access to his staff and can wind up his affairs." (Doc. # 350 at 5 n.1). However, the Court leaves the determination of where Harrison shall serve his prison term, and when he shall report there, to the wisdom of the Bureau of Prisons.[8]

---

[8] A period of more than four months intervened between the dates of the indictment and the trial. The Court must assume that Harrison knew he might be convicted and that his conviction would result in immediate incarceration. That Harrison failed to address those possibilities in making his business plans is no reason to interfere with the routine processes of the law.

### III.    CONCLUSION

Harrison's Renewed Motion for Release Pending Appeal (doc. # 348) is denied.

SO ORDERED, this the 30th day of August, 2006.

>                            **s/    Hugh Lawson**
>                            HUGH LAWSON, JUDGE

pdl