IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. 6:05-cr-17 (HL) |
| | : | |
| W. DEXTER HARRISON, | : | |
| MARTIN L. HARRELL, and | : | |
| CHARLES L. HARRELL, | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

Before the Court is a "Renewed Motion for Release Pending Appeal" (doc. # 348) filed by W. Dexter Harrison ("Harrison"). For the reasons set forth below, Harrison's appeal is denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 8, 2006, a jury convicted Harrison on four counts: conspiracy to commit arson and mail fraud, arson, mail fraud and making misleading statements with intent to hinder law enforcement officials. (Doc. # 223.) Following Harrison's conviction, the Government moved that he be taken into custody, pursuant to the provisions of 18 U.S.C. § 3143(a)(2). The Court orally ordered Harrison's remand into custody but invited a written motion for reconsideration. One week later, on March 15, 2006, Harrison submitted a motion (doc. # 232), in which he argued the Court should order his release pending sentencing, pursuant to 18 U.S.C. § 3145(c).

Subsequently, on March 24, 2006, the Court issued an Order (doc. # 239) in which it

denied Harrison's Motion for Bond Pending Sentencing (doc. # 232) on the basis that the power to consider a petitioner's appeal under 18 U.S.C. § 3145(c) was vested solely in the appellate courts.  Harrison appealed the Court's ruling to the United States Court of Appeals for the Eleventh Circuit, which denied his Motion for Bond Pending Sentencing, concluding, "[b]ecause Appellant has presented no colorable argument that 'exceptional reasons' might warrant his release pursuant to 18 U.S.C. § 3145(c), we need not reach the jurisdictional issue addressed in the district court's order."  (Doc. # 285 at 2.)

Thereafter, on July 20, 2006, the Court sentenced Harrison to 180 months imprisonment, a $50,000 fine, and an as yet undetermined amount of restitution.  After Harrison's sentence had been announced, Harrison's attorney asked the Court if it would permit him to proffer evidence limited to the exceptional reasons provision of § 3145(c).  Harrison's counsel stated he had filed no motion for bond pending appeal as of the date of the sentencing hearing, but that he intended to file such a motion for consideration by the Court and/or the Eleventh Circuit and wished to present evidence to bolster the future motion.  The Court granted Harrison's attorneys leave to proceed, and they presented testimony from Emo Lic Jones ("Jones"), an employee of Harrison, regarding alleged exceptional reasons Harrison should be released.[1]

Harrison has now filed a document entitled "Renewed Motion for Release Pending

---

[1] The Government's Response to Harrison's present appeal alleges that "[a]t the conclusion of the sentencing hearing, Harrison once again moved the Court to release him pending appeal."  (Doc. # 350 at 2.)  However, Harrison's pending appeal does not assert that he did so, nor does the Court's recollection of the sentencing hearing reflect that Harrison made any such motion.  Instead, the Court recalls Harrison's counsel's insistence that in fact no motion had been filed when the proffer was made, and the Court's position that when any such motion was filed it would consider it and rule on it at that point.

Appeal" (doc. # 348), in which he asks the Court "to re-consider its decision regarding its authority to grant a bond pursuant to 18 U.S.C. § 3145(c)" (id. at 2), or, in the alternative, "to make a finding of fact, nevertheless, to aid the appellate court in its mission that exceptional circumstances do exist in this case" (id. at 6).  In addition to the July 20, 2006, testimony of Jones, Harrison has offered two affidavits in support of his appeal: one from himself and one from Zane Myrick ("Myrick"), another employee.  The Government has filed a Response (doc. # 350) arguing that Harrison has not shown any exceptional reasons to warrant his release and asking the Court to determine the merits of Harrison's claims, despite its earlier holding regarding its lack of jurisdiction.  The matter is now ripe for adjudication.

**II.    ANALYSIS**

   **A.    What Has Harrison Filed?**

The Federal Rules of Criminal Procedure set forth a multi-step, sequential procedure to determine whether an individual may be released on bond.  That procedure has not been followed in this case, a mistake which has resulted in a some degree of confusion.  The Court will now endeavor to clarify what should have been done and to examine what was in fact done.

   **1.    Bond Pending Sentencing or Appeal: Proper Processes**

Once an individual is found guilty of an offense such as the one in this case,[2] a court "shall order" that person's detention pending sentencing, pursuant to § 3143(a)(2), unless

---

[2] Harrison was found guilty of an offense itemized in 18 U.S.C. § 3142(f)(1)(A)—arson—which is a crime of violence.  Therefore, per the previous discussion on this point contained in the Court's March 24, 2006, Order (doc. # 239 at 2-3), Harrison's detention status must be evaluated under 18 U.S.C. § 3143(a)(2) and § 3143(b)(2).

the provisions in § 3143(a)(2)(A)(i) or § 3143(a)(2)(A)(ii) and § 3143(a)(2)(B) are met. If the court finds the person is subject to detention pursuant to § 3143(a)(2), he then has the option to file an appeal from the detention order, pursuant to § 3145(c). Thereafter, the determining court[3] must evaluate whether the individual meets the conditions of release set forth in § 3143(a)(1), and if he does, whether it is clearly shown there are exceptional reasons why his detention would not be appropriate.

By contrast, once this person has been sentenced, the court must order him detained, pursuant to § 3143(b)(2). Unlike the limited discretion that exists under § 3143(a)(2), the court has no option under § 3143(b)(2) to release the individual even if certain conditions are met. A person subject to detention under § 3143(b)(2) once again can file an appeal from the detention order, pursuant to § 3145(c). Thereafter, the determining court must evaluate whether the individual meets the conditions of release set forth in § 3143(b)(1), and if he does, whether it is clearly shown there are exceptional reasons why his detention would not be appropriate.

## 2. Bond Pending Sentencing or Appeal: What Happened Here

Initially, the aforementioned sequence was followed in this case. Harrison was found guilty of an offense itemized in § 3142(f)(1)(A), the Court determined neither of the exceptions under § 3143(a)(2)(A) were satisfied, and the Court found Harrison was subject to detention pursuant to § 3143(a)(2). Harrison filed an appeal from the detention order pursuant

---

[3] It goes without saying that which court shall determine appeals under § 3145(c) is a major point of contention between Harrison and the Court. Nonetheless, whichever court has the jurisdiction to make such a determination, the analysis that court should use is not in dispute.

to § 3145(c), and the Court denied the appeal on the basis that it did not have jurisdiction to consider it. Harrison appealed the Court's denial to the Eleventh Circuit, which denied his Motion for Bond Pending Sentencing. Harrison was then sentenced by the Court and mandatorily detained pursuant to § 3143(b)(2). It was at this point that confusion arose.

Harrison has filed a document entitled a "Renewed Motion for Release Pending Appeal" (doc. # 348), which focuses exclusively on whether the Court has jurisdiction to consider an appeal under § 3145(c) and whether Harrison has shown the necessary "exceptional reasons" mentioned in that section. Per Harrison's argument, either the Court may rule on his § 3145(c) appeal or, if it finds it cannot, it should at least make factual findings regarding exceptional reasons. However, even were Harrison's initial premise correct, his appeal is flawed, because he has completely ignored his obligation to show that he meets the conditions of release set forth under § 3143(b)(1).

Therefore, the Court is unsure whether Harrison is asking the Court to reconsider its previous denial of his Motion for Bond Pending Sentencing through this "Renewed Motion,"[4] or whether he is asking the Court to consider granting him bond pending his appeal. Regardless of Harrison's intent, the Court finds it cannot reconsider its previous order, given that the Eleventh Circuit has already explicitly denied Harrison's Motion for Bond Pending Sentencing.[5]

---

[4] Part of the Court's confusion about the relief Harrison seeks results from his reference to "*Renewed* Motion." As the Court has already noted in this Order, Harrison did not make an appeal prior to or during his sentencing hearing, so the filing cannot be a renewal of a nonexistent appeal.

[5] There also appears to be some confusion among the parties regarding the opinion issued by the Eleventh Circuit on May 2, 2006. Harrison seems to be under the impression that the Eleventh Circuit might have granted his Motion for Bond Pending Sentencing had this Court made a finding

(Doc. # 285 at 2.) Furthermore, because Harrison was mandatorily detained pursuant to § 3143(b)(2), the Court will construe his filing as if it was simply an appeal from a detention order, and it will be evaluated accordingly.

### B.      Appeal From a Detention Order Pursuant to § 3145(c)

A court deciding an appeal pursuant to § 3145(c), for a person subject to detention under § 3143(b)(2), must engage in a three-part examination. First, the court must determine whether it has jurisdiction to act under § 3145(c). Second, the court must evaluate the two threshold requirements set forth in § 3143(b)(1). Third, and only when the court has found the threshold requirements set forth in § 3143(b)(1) have been met, the court must consider whether the person clearly has shown that there are exceptional reasons why his detention would not be appropriate.

#### 1.      Jurisdiction

Having considered Harrison's Renewed Motion for Release Pending Appeal, the Court refuses to change its determination that § 3145(c) is only available to the appellate courts.

---

regarding whether he had demonstrated exceptional reasons to justify his release. However, the Eleventh Circuit explicitly found Harrison "has presented no colorable argument that 'exceptional reasons' might warrant his release." (Doc. # 285 at 2.) This finding reflects that the Eleventh Circuit examined the argument and evidence Harrison presented in his Motion for Bond Pending Sentencing (doc. # 232) and found them so lacking as to present "no colorable argument" on "exceptional reasons." That the Eleventh Circuit did not reach the jurisdictional issue raised in this Court's March 24, 2006, order was not because it *could* not do so but rather because it did not *need* to do so. The Government, for its part, asserts that "the Eleventh Circuit dismissed the appeal on the grounds that the judgment was not yet final." (Doc. # 350 at 2.) This analysis is simply wrong, and the Court is unclear how the Government might have reached such a conclusion, given that the Eleventh Circuit actually dismissed Harrison's appeal on the grounds that he had failed to present any colorable argument that exceptional reasons warranted his release and explicitly denied the Government's motion to dismiss Harrison's appeal.

The Court is well aware of the United States Courts of Appeals that have held otherwise and rejects their conclusion for the reasons fully set forth in its previous Order (doc. # 239). Harrison's rehashing their flawed arguments is similarly unpersuasive. The Court previously conducted an extensive review of this area of the law and sees no reason to change its finding.[6] Nonetheless, at the parties' request, the Court will continue its examination of Harrison's situation as if it had such jurisdiction.

### 2.     The Conditions of Release Set Forth in § 3143(b)(1)

Section 3145(c) permits the release of persons detained under § 3143(b)(2) only if they meet the conditions for release set forth in § 3143(b)(1). Section 3143(b)(1) lists two threshold requirements for release: (1) that the person poses no risk of flight and no danger to the community during release and (2) that the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay. Harrison's Renewed Motion for Release Pending Appeal (doc. # 348) fails to acknowledge these requirements at all, and instead focuses entirely on whether Harrison has shown any exceptional reasons to justify his release. Even in the absence of any argument on the issue by Harrison, the Court must undertake to consider the requirements.

#### a.     Flight and Risk: § 3143(b)(1)(A)

Unlike his current appeal, Harrison's previous Motion for Bond Pending Sentencing (doc. # 232) at least briefly argued that Harrison was not likely to flee or pose a

---

[6] Needless to say, the Court's conclusion is unaffected by whether a petitioner brings his appeal under § 3145(c) following a detention pursuant to § 3143(a)(2) or § 3143(b)(2).

danger to the community. (Id. at 2.) By contrast, the Government's Response to Harrison's most recent appeal specifically argues he is a flight risk and poses a danger to the community. (Doc. # 350 at 4-5.) The Government has advanced a credible argument that Harrison has the means and incentive to flee and stands convicted of a serious crime of violence. However, Harrison fully complied with all conditions of his post-arrest pre-trial release, has extremely strong personal and business ties to the community, and has exhibited no direct violent behavior of which the Court is aware. Despite a paucity of recent argument from Harrison on the issue, the Court nonetheless finds by clear and convincing evidence that he poses no risk of flight and that he is not a danger to the community, thus satisfying the threshold requirement for release under § 3143(b)(1)(A).

### b. Substantial Question of Law or Fact: § 3143(b)(1)(B)

Although it discussed the risks of flight and danger to the community, Harrison's previous Motion for Bond Pending Sentencing naturally failed to address the merits of the issues raised in his appeal, since he had not filed one at that time. Neither Harrison's current appeal nor the Government's Response provides any argument on whether Harrison's appeal raises any substantial question of law or fact that is likely to result in reversal, a new trial, or a reduced sentence. Not having the benefit of any argument on the issue, and not cognizant of any grounds for an appeal, the Court is unwilling to find that the appeal raises a substantial question of law or fact that is likely to result in reversal, a new trial, or a reduced

sentence.[7] Accordingly, the Court concludes Harrison does not meet the threshold requirement for release in § 3143(b)(1)(B). As a result, even if the Court had jurisdiction to grant Harrison's Motion for Bond Pending Appeal pursuant to § 3145(c), it would not do so due to his failure to meet both of the necessary threshold requirements for release expressed in § 3143(b)(1).

### 3. A Showing of Exceptional Reasons

Both Harrison and the Government request that the Court make a finding regarding whether Harrison has made the necessary showing of exceptional reasons to justify his release under § 3145(c). Despite the Court's clear stance that it lacks jurisdiction to release Harrison under § 3145(c), and its additional determination that Harrison has failed to meet both of the necessary threshold requirements for release contained in § 3143(b)(1), the Court shall oblige the parties.

Numerous courts nationwide have considered what might constitute "exceptional reasons" under § 3145(c), and while the resulting decisions reflect a range of conclusions, more often than not, financial hardship, illness and disruption of familial relations were not found to be exceptional reasons to justify release. See, e.g., United States v. Mostrom, 11 F.3d 93, 94 (8th Cir. 1993) (Bureau of Prisons' inadequate system for transporting prisoners not exceptional reasons); United States v. Dempsey, Crim. No. 91-098, 1991 WL 255382 (E.D. La. Nov. 19, 1991) (defendant's poor health, history of mental and emotional problems, ignorance that he would be detained, and not having made arrangements to secure his business not exceptional

---

[7] The Court does not find any indication, however, that the appeal is for the purpose of delay.

reasons); United States v. Bloomer, 791 F. Supp. 100, 102 (D. Vt. 1992) (defendant's relationship to family, aid to unrelated family, medical condition, and employment not exceptional reasons); United States v. Scott, No. 1:95-CR-80-1, 1995 WL 723752, at *1-2 (E.D. Tex. Nov. 22, 1995) (defendant's need to assist his sick mother and to continue working so as to contribute to her household expenses not exceptional reasons); United States v. Ameneiro, No. 94 CR 333-12, 1996 WL 66100, at *2 (N.D. Ill. Feb. 8, 1996) (defendant's employment up until the point of incarceration, failure to flee while on bond during indictment and trial, ties to the community, and length of the sentence not exceptional reasons).

Simply put, these cases reflect the fact that "[a] defendant's incarceration regularly creates difficulties for him and his family." United States v. Mahabir, 858 F.Supp. 504, 508 (D. Md. 1994). The Court believes Harrison and his employees when they swear that he, his family and his business associates all will be adversely affected by his continued incarceration. Nonetheless, Harrison has failed to show that these reasons are exceptional. Every criminal faces hardship as a result of his imprisonment—the fact that Harrison is more affluent than most convicts and owns a business which will suffer from the loss of his leadership does not mandate his temporary release. Even if the Court had jurisdiction to grant Harrison's Motion for Bond Pending Appeal pursuant to § 3145(c), it would refuse to do so.

### C. Tift County Jail Option

While the Government has opposed Harrison's receiving a bond pending his appeal, it also adds that it "would not oppose the Court's delaying Harrison's report date to the Bureau of Prisons for a period of 90 days so that he may remain in the Tift County Jail where he has

access to his staff and can wind up his affairs." (Doc. # 350 at 5 n.1). However, the Court leaves the determination of where Harrison shall serve his prison term, and when he shall report there, to the wisdom of the Bureau of Prisons.[8]

### III. CONCLUSION

Harrison's Renewed Motion for Release Pending Appeal (doc. # 348) is denied.

SO ORDERED, this the 1st day of September, 2006.

<u>s/   Hugh Lawson</u>
HUGH LAWSON, JUDGE

pdl

---

[8] A period of more than four months intervened between the dates of the indictment and the trial. The Court must assume that Harrison knew he might be convicted and that his conviction would result in immediate incarceration. That Harrison failed to address those possibilities in making his business plans is no reason to interfere with the routine processes of the law.